# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 17-0606** (Berkeley County 15-F-183)

**Elan Bell-Veney,**
**Defendant Below, Petitioner**

**FILED**

**June 11, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Elan Bell-Veney, by counsel Sherman L. Lambert Sr., appeals the Circuit Court of Berkeley County's June 12, 2017, order sentencing him to an effective term of eight to forty years of incarceration following his malicious assault convictions. The State, by counsel Robert L. Hogan, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in considering impermissible factors at sentencing. Namely, the circuit court failed to follow an expert opinion that petitioner should be placed on home incarceration and should not have considered petitioner's prior criminal convictions.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted for ten counts of malicious assault on October 28, 2015. On March 13, 2017, the parties entered into a plea agreement whereby petitioner agreed to enter an *Alford*[1] guilty plea to four counts of malicious assault in exchange for the State's dismissal of the remaining six counts of malicious assault. The State further agreed not to file a recidivist action and to remain silent at sentencing.

On June 5, 2017, the parties appeared for a plea and sentencing hearing. Petitioner expressed his desire to plead guilty as outlined in the parties' agreement, and the State provided a factual basis for the plea. Specifically, the State submitted that it could show that petitioner entered a bar with several friends on June 27, 2014. Several female patrons of the bar, some of whom were with petitioner, began fighting. Petitioner and his friends were asked to leave the bar. Petitioner proceeded to do so, but then returned, and video surveillance shows him with a knife in his hand. The State indicated that the video shows petitioner "plunging that knife into the back of" another individual. Several people rush into petitioner's vicinity, but they are seen slowly

---

[1]*See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (permitting a criminal defendant to plead guilty and accept a prison sentence without admitting guilt).

retreating. "And they have one thing in common and that's that they're all bleeding from stab wounds[,] which led up to the total ten counts of malicious assault charged[.]" The evidence would also demonstrate that petitioner was the only person seen with a knife. The four counts to which petitioner pled guilty covered the four separate victims of petitioner's stabbing. Finally, the State indicated that it could show that, after identifying petitioner as the perpetrator, law enforcement officers responded to his home, but an individual matching petitioner's description ran away from the home and could not be apprehended at that time. Ultimately, petitioner was apprehended in Washington, D.C., several months later on a fugitive warrant.

The circuit court found that there was a factual basis to support the entry of petitioner's four *Alford* guilty pleas, that he understood the nature of the offenses to which he was pleading guilty and the consequences of the pleas, and that he entered his pleas freely and voluntarily. The court then proceeded to take evidence in aid of sentencing.

Petitioner offered Dr. Catherine J. Ward as an expert witness. Dr. Ward, who had evaluated petitioner and submitted a written report of her findings prior to sentencing, was qualified without objection as an expert in clinical and forensic neuropsychology. Dr. Ward noted that petitioner had reported several traumas in his life, including shooting attempts, bullying, physical altercations, and robberies at gunpoint in early adulthood. Dr. Ward testified that these traumas caused chronic post-traumatic stress disorder in petitioner, which, in turn, caused him to be "chronically on the flight or fight situation" and "trying to figure out if he's safe." As a result, Dr. Ward opined that petitioner was in need of an intensive outpatient treatment program and home confinement because "if he goes back to incarceration[,] it's not going to give him the same opportunities to heal."

Following Dr. Ward's testimony, the circuit court set forth the "issues of fact" it deemed relevant to the imposition of petitioner's sentence. These factors included petitioner's prior convictions, including drug possession, prohibited person in possession of a firearm, wanton endangerment, and involuntary manslaughter; a pre-plea investigation report; the factual circumstances surrounding the instant malicious wounding charges, which the circuit court noted "sounds like you're trying to kill somebody if you keep stabbing and stabbing and stabbing;" the victims' injuries, monetary losses, and urging of incarceration; and the community sentiment that "[t]he penitentiary would be appropriate disposition in this matter given the nature of the [instant] offenses and given the [petitioner's] criminal history." The circuit court sentenced petitioner to not less than two years nor more than ten years of incarceration for each of the four malicious wounding convictions, and it ordered that these sentences be served consecutively "so that [petitioner] serves two to ten years in the penitentiary for each of the victims in this case." Petitioner's sentence was memorialized in the circuit court's June 12, 2017, "Plea and Sentencing Order." It is from this order that petitioner appeals.

This Court reviews sentencing orders "under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Adams*, 211 W.Va. 231, 565 S.E.2d 353 (2002). We have also held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not

subject to appellate review."[2] Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). In sum, "[i]t is not the proper prerogative of this Court to substitute its judgment for that of the trial court on sentencing matters, so long as the appellant's sentence was within the statutory limits, was not based upon any impermissible factors, and did not violate constitutional principles." *State v. Georgius*, 225 W.Va. 716, 722, 696 S.E.2d 18, 24 (2010).

Petitioner contends on appeal that the circuit court erred in disregarding Dr. Ward's expert testimony at sentencing.[3] Petitioner argues that Dr. Ward qualified as an expert witness and provided "concrete medical reasoning regarding the neurological factors of [p]etitioner's behavior being linked to the underlying criminal charges." The circuit court, however, failed to accord this expert testimony the weight petitioner believes was warranted. Petitioner states that the sentencing order "provides evidence that the trial court refused to give any weight to Dr. Ward's testimony or explain why Dr. Ward's testimony should not be considered by the court." Petitioner concludes that "the lack of comment and succinct judicial reasoning of the circuit court to omit Dr. Ward's professional opinions contained in her written Report and Executive Summary . . . from the four corners of the sentencing factor was an impermissible factor."

We find no abuse of discretion in the circuit court's failure to follow or adopt Dr. Ward's recommendation of home incarceration. Petitioner has not cited to any law, nor could he, that mandates a circuit court implement an expert witness's opinion as to disposition. To the contrary, the circuit court was vested with the discretion to evaluate Ms. Ward's testimony and accord it the deserving weight. *See Gentry v. Mangum*, 195 W.Va. 512, 529, n.26, 466 S.E.2d 171, 188, n.26 (1995) (noting that evaluating witness credibility and the weight of his or her testimony are determinations left to the factfinder). The circuit court noted in its sentencing order that Dr. Ward testified, but it nonetheless ordered incarceration given the information contained within the pre-plea investigation report, petitioner's "substantial and violent criminal history," other testimony, and the statements of counsel. Accordingly, the failure to adopt Ms. Ward's opinion regarding home incarceration does not amount to an impermissible factor.[4]

Petitioner also argues on appeal that the circuit court's consideration of his prior criminal convictions amounts to an impermissible factor. In support, petitioner cites *State v. Smith*, 238 N.W.2d 662 (N.D. 1976), wherein the Supreme Court of North Dakota noted that pending

---

[2]It is undisputed that petitioner's sentences were within statutory limits.

[3]Petitioner repeatedly refers to the circuit court's "exclusion" of Dr. Ward's expert opinion. Without question, this opinion was admitted at sentencing. Such characterization of the circuit court's action is inaccurate, and petitioner's citation to rules and laws relative to the admissibility of expert testimony is inapposite here.

[4]We also note that a circuit court retains discretion in ordering home incarceration: "As a condition of probation or bail or as an alternative sentence to another form of incarceration for any criminal violation of this code over which a circuit court has jurisdiction, a circuit court *may* order an offender confined to the offender's home for a period of home incarceration." W.Va. Code § 62-11B-4(a) (emphasis added). Thus, the decision not to order home incarceration was similarly within the circuit court's discretion.

charges and those of which a defendant has been acquitted may not be considered in determining an appropriate sentence. *Id.* at 671. Petitioner acknowledges that this case is not controlling, but submits that "the legal principles are the same." The legal principles are not the same, however. Petitioner does not argue that the circuit court considered pending charges or those of which he was acquitted. Rather, the circuit court considered petitioner's prior *convictions*, and we have previously held that a sentencing court may consider a defendant's prior records. *See* Syl. Pt. 2, *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984) (holding that a sentencing court may consider codefendants' respective involvement in the crime, prior records, rehabilitative potential, and lack of remorse).[5]

For the foregoing reasons, the circuit court's June 12, 2017, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** June 11, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Loughry, Allen H., II suspended and therefore not participating.

---

[5]Petitioner filed a reply, in which he noted that the judge who presided at sentencing had recently filed an application for disability retirement. Petitioner further characterized the trial court's conduct at sentencing as "bizarre" and inclusive of a "raging rant" about petitioner's criminal history. Therefore, petitioner argues, the sentencing judge was apparently "suffering from a disability, which resulted in his use of impermissible factors." A review of the plea and sentencing hearing transcript does not support petitioner's characterization of the trial court's conduct as "bizarre," and there was no "raging rant." More importantly, petitioner fails to substantiate the assertion that the circuit judge suffered from a disability that caused him to rely on impermissible factors.

Petitioner also argues in his reply that "the sentence imposed . . . violated [his] due process rights. The United States Supeme Court has recognized a State's compelling interest in maintaining the integrity of the [j]udiciary." Aside from citations to law in which courts have found due process violations, petitioner fails to apply this law, analogize to it, or otherwise fashion an argument to support his assertion that his due process rights were violated.

Because petitioner's argument concerning the circuit judge's retirement and its alleged effects on his case is unsupported, and because he makes no cogent argument relative to any claimed due process violation, these grounds are not properly before this Court. *See* W.Va. R. App. P. 10(g), (d), and (c)(7) (requiring a reply brief to, among other things, "contain an argument exhibiting clearly the points of fact and law presented, . . . the authorities relied on, . . . [and] appropriate and specific citations to the record on appeal").

4